Argued 27 June; decided 11 August, 1899.

## STATE *v.* LAVERY.

[58 Pac. 107.]

1. INDICTMENT FOR ASSAULT WITH INTENT TO KILL.—An indictment charging that "defendant did unlawfully and feloniously assault one D. with a dangerous weapon with intent to kill by * * * shooting at him with a loaded pistol which he held within shooting distance, and pointed at D.," charges that defendant shot at D with the intention of killing him, and not that he intended to kill D by shooting at him.

2. INSTRUCTION—TESTIMONY. OF ABSENT WITNESSES.—Where a case is brought to trial over the protest of one of the parties by the adversary admitting that absent witnesses will, if present, testify as claimed, it is sufficient to instruct the jury that the admission that these witnesses would testify to certain things is equivalent to their testimony, and that it should be considered with the rest of the evidence.

3. HARMLESS ERROR—EFFECT OF DRUNKENNESS.*—The omission of the word "intent" in a charge otherwise substantially in the language of the statute (Hill's Ann. Laws, § 1358) permitting the jury to take into consideration that the defendant was intoxicated in determining the purpose, motive, or intent with which he committed the act charged, if the existence of any particular motive, purpose, or intent is a necessary element to constitute any particular species or degree of crime, is not reversible error where the defendant was charged with assault with intent to kill and was convicted of only an assault with a deadly weapon.

4. INSTRUCTION TO JURY.—The refusal of a requested instruction in a prosecution for assault that if the pistol was discharged by the defendant accidentally the defendant should be acquitted, cannot be deemed erroneous on appeal where the bill of exceptions does not purport to contain any of the evidence, for it may be that the discharge of the pistol was not a necessary element of the offense.

From Harney : MORTON D. CLIFFORD, Judge.

The defendant John Lavery was indicted for the crime of assault with intent to kill, alleged to have been committed as follows : "The said John Lavery, on the ninth day of December, A. D. 1898, in the said County of Harney and State of Oregon, being then and there armed with a dangerous weapon, to wit, a loaded pistol, did then and there willfully, unlawfully, and feloniously assault one L. C. De Coudress with said dangerous weapon, with intent to kill the said L. C. De Coudress by then and there willfully, unlawfully, and feloniously shooting at said L. C. De Coudress with said loaded pistol, and which said loaded pistol the said John Lavery then and there held in his hands, and pointed at said L. C. De Coudress, and within shooting distance of the said L. C. De Coudress, contrary," etc. A plea of not guilty having been entered, a trial was had, and the defendant convicted of an assault with a dangerous weapon, and, having been sentenced to imprisonment in the penitentiary for the term of two years, he appeals.

AFFIRMED.

*NOTE.—See *Harris* v. *United States*, 36 L. R. A. 465 and *State* v. *Kraemer*, 62 Am. St. Rep. 672.—REPORTER.

For appellant there was a brief over the name of *Lionel R. Webster* and *Geo. W. Hayes*, with an oral argument by *Mr. Webster*.

For respondent there was a brief and an oral argument by *Mr. D. R. N. Blackburn*, Attorney-General, and *Mr. William Miller*, District Attorney.

MR. JUSTICE MOORE, after making the foregoing statement, delivered the opinion of the court.

1. It is contended by appellant's counsel that the indictment does not state facts sufficient to constitute the crime of assault with intent to kill, and that the court erred in overruling a demurrer interposed on that ground. It is argued that the indictment does not allege that defendant shot at De Coudress with the intention of killing him, but that he intended to kill him by shooting at him, and that, inasmuch as it is impossible to kill a person by merely shooting at him, to charge the intention to kill by such means is to charge the impossible. To shoot at a person evidently means to discharge a weapon aimed at him, and the possibility of killing such person must depend upon the distance, the missile, the force of the explosive used, and the accuracy of the aim. A gun might be discharged at a person from such a distance as to make it physically impossible to kill him, but within the range of the gun such discharge might render the killing quite probable. It is alleged in the indictment that the defendant was within shooting distance of De Coudress, holding in his hands a loaded pistol, which he pointed at the latter when he discharged it. The indictment also contains a statement of the acts constituting the alleged offense in ordinary and sufficiently concise language, and in such manner as to enable the defendant to know what was intended (Hill's Ann. Laws,

§ 1268), and, in our judgment, no error was committed in overruling the demurrer.

The court gave the jury the following instruction, which was duly excepted to, and is assigned as error: "It is also a rule of law, gentlemen of the jury, that where different degrees of crime are included in the indictment, and the jury have no reasonable doubt of the guilt of the accused, but are in doubt as to the degree of guilt, they should give the accused person the benefit of the doubt by finding him guilty of the lesser degree. For instance, it is incumbent upon the state to prove that an assault with intent to kill has been made out. There is a specific intent alleged in this indictment,— that is, intent to kill,—and, if the jury have any doubt on that subject, they should find the accused person guilty of the lesser degree, which would be assault with a dangerous weapon. And if, on the whole evidence, you should believe that no crime had been committed, then you should find the defendant not guilty." It is argued that the jury were, by this instruction, told that, if they had any doubt as to the defendant's guilt of the crime with which he was charged, they should find him guilty of assault with a dangerous weapon, and that the last clause thereof, instead of modifying the effect of the portion complained of, really magnified the error by permitting the jury to return a verdict of not guilty only after they had determined that no crime was committed. The jury upon the trial of a person indicted for a crime consisting of different degrees may find such person not guilty as charged, and guilty of any degree inferior thereto (Hill's Ann. Laws, § 1382), and when it appears that the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the less of those degrees only (Hill's Ann. Laws, §. 1359).

It will be observed that the first clause of the instruction states the law in effect as given in the statute. The illustration given by the court was undoubtedly intended to explain the meaning of the charge that, if the jury had no reasonable doubt of the defendant's guilt, but were in doubt as to the degree thereof, they should give him the benefit of the doubt by finding him guilty of the lesser degree ; and the last clause shows that the illustration was intended to apply to each grade of offense included within the indictment. The last clause, when taken in consideration with the whole charge, is not, in our judgment, subject to the criticism which is urged against it.

2. The defendant moved the court to postpone the trial on account of the absence of alleged material witnesses, by whom he expected to prove certain facts set out in his affidavit in support of the motion. The district attorney, to avoid such postponement, admitted that, if such witnesses were present, they would testify as averred. This affidavit having been read in evidence, and such admission reiterated in the presence of the jury, defendant's counsel requested the court to instruct them as follows : "The affidavit of the defendant made for a postponement of this case has been read to you, in which he sets out what he expects to prove by James Earhardt, William Miller, and Richard Kelly. It is admitted in this case that, if these parties were present and sworn as witnesses in this case, they would each testify as set out in the affidavit. In the consideration of this case you must consider that the same as if each of these parties had been sworn as witnesses in this case, and had testified before you to the facts set out in the defendant's affidavit. This is not to be treated as the testimony of the defendant, but as the testimony of these witnesses. The admission of the state makes this the testimony

of these witnesses, to be weighed and considered by you with the other evidence in this case." The court refused to give this instruction, but told the jury, in effect, that the admission of the district attorney rendered the statement of facts in the defendant's affidavit tantamount to the testimony of such absent witnesses, and that they should give it such consideration as they might think it entitled to. The court, in the general charge, instructed the jury as follows: "You are the sole and exclusive judges of the facts in this case, which you must find, and of the credibility of all the witnesses. Your power of judging of the effect of evidence is not arbitrary, but must be exercised in subordination to the rules of evidence. Under the rules of evidence the testimony of any one witness to whom you give full credit and belief is sufficient to establish any fact in this case. You are not bound to find a verdict in conformity with the testimony of any particular number of witnesses who do not produce conviction in your minds as against the evidence of a less number that do convince you, or as against a presumption of law that does. Every witness, when he comes upon the witness stand, is presumed to speak the truth. This presumption may be overcome, however, by the manner in which a witness testifies, by contrary statements, or by statements affecting the character or motives of the witness." The court having told the jury that defendant's affidavit and the admission of the district attorney made such evidence equivalent to the testimony of the absent witnesses, and having also explained to them the method of reaching a verdict when contradictory evidence was to be considered, the general charge, in our judgment, corrects any error that may seem to exist by reason of the refusal to give the instruction requested, or in that given, in relation to the testimony of the absent witnesses.

3. An exception having been taken to the following instruction, it is contended that the court erred in giving it: "I will say this much further, that there has been evidence introduced in this case,—I do not know whether the defense rely upon it or not,—and that is in regard to drunkenness. I charge you that a person while in a voluntary state of intoxication is held responsible, and that is no defense, but it is a matter which the jury have a right to take into consideration in order to show the motive with which the crime was committed." The statute provides that whenever the actual existence of any particular motive, purpose, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the defendant was intoxicated at the time in determining the purpose, motive, or intent with which he committed the act: Hill's Ann. Laws, § 1358. It will be observed that the court omitted the word "intent," and limited the consideration of the defendant's intoxication in determining his motive for the commission of the act; but, the defendant having been convicted of assault with a deadly weapon only, the verdict eliminated the question of intent to kill, and, this being so, we think the defendant was not prejudiced by such omission.

4. The bill of exceptions states that "there was evidence offered and introduced on the part of the state tending to show, amongst other things, that a pistol in the hands of the defendant was discharged at and in close proximity to the head of L. C. De Coudress, and the defendant testified as a witness in his own behalf that the pistol was accidentally discharged." Based upon this evidence, defendant's counsel requested the court to instruct the jury that, "if the pistol was discharged by the defendant accidentally, then you must find the defend-

ant not guilty, and, if you are in reasonable doubt from the evidence as to whether or not the pistol was discharged accidentally, you must give the defendant the benefit of the doubt, and find him not guilty.'' The court refused to give this instruction, and, having declined to charge the jury upon the subject, it is insisted that the defendant had a right to have his theory of the case presented to the jury for their consideration. The bill of exceptions does not purport to contain any of the evidence, and it may be that while the defendant was attempting to beat De Coudress over the head with the pistol the weapon was accidently discharged. If this be so, the fact that the discharge was accidental would not in any manner tend to lessen the degree of the crime, and hence it follows that the judgment is affirmed.

AFFIRMED.